IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAY FRANKLIN TEMPLIN,<br><br>Defendant. | CR 05–09–H–DWM<br><br>OPINION and<br>ORDER |

On May 20, 2005, Defendant Jay Frank Templin was charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Indict., Doc. 1.) On November 17, 2005, he was sentenced to 36 months' imprisonment with 60 months' supervision to follow. (Judg., Doc. 24.) He was released from custody on August 7, 2008, and discharged his term of supervision on August 15, 2013. (Doc. 30.) He now seeks to terminate his obligation to register as a sex offender under state and federal law. (Doc. 31.) Argument was heard on Templin's motion on January 25, 2019. For the reasons discussed below, that motion is granted in part and denied in part. While Templin's federal registration requirement will be terminated, Templin must continue to register as sex offender with the State of Montana until the State relieves him of that burden.

1

## ANALYSIS

Relevant here are two statutory schemes: (1) the Federal Sex Offender Notification and Registration Act ("SORNA") and (2) Montana's Sexual or Violent Offender Registration Act. Templin's registration obligation is terminated as to the former, but not the latter. Templin will have to seek relief from the State of Montana to terminate his obligations under state law.

### I.  SORNA

Upon conviction, Templin was required to register as a Tier 1 sex offender under SORNA for 15 years in the jurisdiction in which he resided. 34 U.S.C. § 20915(a)(1). However, a defendant can seek to reduce the duration of the registration period by 5 years, 34 U.S.C. § 20915(b)(3)(A), by maintaining a "clean record" for a period of 10 years, 34 U.S.C. § 20915(b). The requirements for a "clean record" are:

> (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
> (B) not being convicted of any sex offense;
> (C) successfully completing any periods of supervised release, probation, and parole; and
> (D) successfully completing of an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

34 U.S.C. § 20915(b)(1). Because Templin was released from prison on August 7, 2008, he became eligible to seek termination of his registration requirement as of August 2018 so long as he has maintained a "clean record" in that 10-year period.

2

In light of the pending motion, the United States Probation Office prepared a background report addressing the requirements of a "clean record" under § 20915(b)(1). That report indicates that Templin met the requirements of (A) through (C) but did not conclusively determine whether he had successfully completed sex offender treatment in 2013 with his treatment provider, Dr. Bowman Smelko. At the January 25 hearing, Templin testified that he had completed treatment. He then supplemented the Court's record with his July 2013 Relapse Prevention Plan, signed by him, Dr. Smelko, and supervising Probation Officer Tracy Voeller. (*See* Doc. 38 (sealed).) Templin has shown that he has met the requirements for a "clean record" under § 20915(b)(1). Templin's motion is therefore granted under 34 U.S.C. § 20915(b) and the duration of his federal registration requirement is reduced by five years. Because Templin began registering as an offender in August 2008, he has completed his 10-year term and his federal registration obligation is terminated.

That is not the end of the inquiry, however, because Templin has also moved to terminate his obligation under state law.

## II. Montana Law

Montana law requires lifetime sex offender registration for individuals convicted of qualifying sexual offenses. Mont. Code Ann. § 46–23–506(1). Relevant here, "sexual offense" means "any violation of a law of another state, a

3

tribal government, or *the federal government* that is reasonably equivalent to a violation listed in subsection (9)(a) or for which the offender was required to register as a sexual offender after an adjudication or conviction." Mont. Code Ann. § 46–23–502(9)(b) (emphasis added). Under this provision, there are two paths by which Templin's federal child pornography offense requires his registration as a sex offender under state law.

First, Templin was "required to register as a sexual offender after a[] ... conviction" pursuant to SORNA. *Id.* But, as discussed above, that requirement no longer applies if the duration of his federal obligation is reduced by five years. Second, however, § 46–23–503(9)(b) contains independent grounds under which sex offender registration is required in Montana: the commission of a "reasonably equivalent" qualifying offense. Here, Templin was convicted of possession of child pornography, which is reasonably equivalent to sexual abuse of children under Montana law, *see* Mont. Code Ann. § 45–5–625(1)(e). Because § 45–5–625 is enumerated in § 46–23–502(9)(a), Templin is required to register in Montana for committing a "reasonably equivalent violation," § 46–23–503(9)(b). That registration requirement is independent from any federal obligation over which this Court can exercise jurisdiction.

The next question then is whether this Court has the authority to terminate that independent state registration obligation. It does not. Under Montana law:

4

> at any time after 10 years of registration for a level 1 sexual offender . . . an offender may petition the sentencing court or the district court for the judicial district in which the offender resides for an order relieving the offender of the duty to register. The petition must be served on the county attorney in the county where the petition is filed. Prior to a hearing on the petition, the county attorney shall mail a copy of the petition to the victim of the last offense for which the offender was convicted if the victim's address is reasonably available. The court shall consider any written or oral statements of the victim. The court may grant the petition upon finding that:
>
> (i) the offender has remained a law-abiding citizen; and
>
> (ii) continued registration is not necessary for public protection and that relief from registration is in the best interests of society.

Mont. Code Ann. § 46-23-506(3)(b). Templin argues that because the statute provides for relief from "the sentencing court," *id.*, this Court has the power to grant his requested relief.

Templin is correct that this Court likely qualifies as a "sentencing court" in the plain meaning of the term. *See* Mont. Code Ann. § 46–1–202(8), (25) (definitions). However, relief under § 46-23-506(3)(b) requires distinctly state actions: the notice and involvement of the relevant county attorney and the weighing of "public protection" under Montana law. Additionally, Templin's qualification under § 46–23–506(3)(b) requires a determination that he is a Level 1 offender, a risk level designation that must be assigned by the State. *See* Mont. Code Ann. § 46–23–509(6). When Templin contacted Lewis and Clark County Attorney Leo Gallagher, Mr. Gallagher stated that he "believes the duty to register

5

under state laws is independent of the federal requirement," necessitating a parallel state action. (Doc. 34 at 2.) Mr. Gallagher's interpretation is consistent with the sex offender registration framework.

"All 50 States have used their general police powers to enact sex offender registration laws." *United States v. Kebodeaux*, 570 U.S. 387, 413 n.2 (2013) (Thomas, J., dissenting). While SORNA provides a standardized national system, "federal sex-offender registration laws have from their inception, expressly relied on state-level enforcement." *Carr v. United States*, 560 U.S. 438, 452 (2010). States each maintain their own systems and are permitted to supplement SORNA's requirements with their own specific registration requirements. *See Office of Att'y Gen.; The Nat'l Guidelines for Sex Offender Reg. & Notification*, 73 FR 38030, 38034 (July 2, 2008). "There is no basis for taking [SORNA]'s requirement that sex offenders register for the periods specified in [34 U.S.C. § 20915(a)] as implying that jurisdictions cannot prescribe longer or additional registration requirements for sex offenders." *Id.* at 38035. Rather, § 20915(a)'s "durational requirements for registration define the minimum, and not the maximum, requirements for the jurisdictions' registration programs." *Id.* Thus, the termination of Templin's federal registration requirement is distinct from his state obligations, which remain ongoing.

## Conclusion

Accordingly, IT IS ORDERED that Templin's motion (Doc. 31) is GRANTED as to his federal registration obligation under § 20915 but DENIED in all other respects. This Court cannot grant all of the relief sought by Templin; he must petition the state court for relief from the registration requirements imposed by Montana law. Until he successfully does so, he must continue to register as a sex offender with the State of Montana.

DATED this 29th day of January 2019.

Donald W. Molloy, District Judge
United States District Court